J-S30023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LINCOLN LEE | |
| Appellant | No. 1636 WDA 2017 |

Appeal from the Judgment of Sentence Entered October 20, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000032-2017

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 29, 2018**

Appellant David Lincoln Lee appeals from the October 20, 2017 judgment of sentence entered in the Court of Common Pleas of Fayette County ("trial court"), following his jury convictions for homicide by vehicle while driving under the influence of alcohol, accidents involving death or personal injury, homicide by vehicle, driving under the influence of alcohol ("DUI")—general impairment, driving vehicle at safe speed, careless driving, reckless driving, and DUI—highest rate of alcohol (BAC > .16%).[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Appellant was charged with various Vehicle Code offenses in connection with a fatal hit-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735(a), 3742(a), 3732(a), 3802(a)(1), 3361, 3714(a), 3736(a), and 3802(c), respectively.

and-run accident involving a pedestrian that occurred at 12:14 a.m. on October 29, 2016. On May 3, 2017, Appellant filed an omnibus pretrial motion seeking to, *inter alia*, suppress the results of a blood test under ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016).[2] Appellant also argued that the Commonwealth did not show good cause for failing to obtain his blood test within two hours after he allegedly stopped driving, as required by 75 Pa.C.S.A. § 3802(g). Following a hearing, the trial court denied Appellant's omnibus pretrial motion on September 5, 2017. On September 26, 2017, the Commonwealth filed a motion to amend the criminal information to add the charge of DUI – highest rate of alcohol, which the trial court granted on October 2, 2017. The case proceeded to a four-day jury trial, following which the jury found Appellant guilty of homicide by vehicle while driving under the influence of alcohol, accidents involving death or personal injury, homicide by vehicle, DUI, driving vehicle at safe speed, careless driving, reckless driving, and DUI – highest rate of alcohol (BAC > .16%). On October 20, 2017, the trial court sentenced Appellant to an aggregate term of four to ten years' imprisonment.[3] Appellant did not file any post-sentence motions. On

_____

[2] ***Birchfield*** held that the Fourth Amendment to the United States Constitution does not permit warrantless blood tests incident to arrests for drunk driving and that a state may not criminalize a motorist's refusal to comply with a demand to submit to blood testing. ***Birchfield***, 136 S. Ct. at 2185-86.

[3] The trial court sentenced Appellant to four to ten years' imprisonment for homicide by vehicle while driving under the influence of alcohol and a concurrent term of three to seven years in prison for accidents involving death or personal injury. The trial court did not impose any additional penalties for the remaining convictions.

November 2, 2017, Appellant appealed to this Court. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising three assertions of error:

[I.] Whether the trial court committed reversible error in permitting evidence of the results of a chemical test of [Appellant's] blood when the sample was taken more than two hours after operation of a vehicle.

[II.] Whether the evidence was legally and factually sufficient to prove that [Appellant] committed the crime of homicide by vehicle while driving under the influence beyond a reasonable doubt.

[III.] Whether the trial court erred in sentencing [Appellant] at count 2: accidents involving death or personal injury, when a fact that increased the mandatory minimum (death of the victim) was an element of the crime that was not submitted to the jury.

Rule 1925(b) Statement, 11/21/17 (unnecessary capitalizations omitted). In response, the trial court issued a Pa.R.A.P. 1925(a) opinion concluding that Appellant is not entitled to relief.

On appeal, Appellant repeats the same issues for our review. We first address Appellant's claim that the trial court erred in concluding that the Commonwealth established good cause under Section 3802(g) for failing to obtain his blood within two hours of the accident and, consequently, the trial court erred in failing to suppress the results of his blood draw.[4] We disagree.

Section 3802(c) of the Vehicle Code provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours

---

[4] Our scope of review in suppression matters is limited to the suppression hearing record, and excludes any evidence elicited at trial. *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013).

after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c). Section 3802(c)'s requirement to take a defendant's blood test within two hours after the individual has driven is subject to a "good cause" exception set forth within Section 3802(g), which provides:

Notwithstanding the provisions of subsection . . . (c) . . . where alcohol or controlled substance concentration in an individual's blood or breath is an element of the offense, evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances:

(1) where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours; and

(2) where the Commonwealth establishes that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained.

75 Pa.C.S.A. § 3802(g).[5] As we explained in *Commonwealth v. Eichler*, 133 A.3d 775 (Pa. Super. 2016), *appeal denied*, 161 A.3d 791 (Pa. 2016):

In a section 3802(c) prosecution, when the blood test does not take place within two hours after the defendant drives, operates or is in actual physical control of the vehicle, test results are subject to suppression unless the Commonwealth proves good cause for the delay in obtaining a blood test and the defendant did not imbibe alcohol between his arrest and his blood test.

*Eichler*, 133 A.3d at 786 (citing 75 Pa.C.S.A. § 3802(g)). In *Eichler*, the appellant was operating his vehicle when he swerved off the road, struck the victim who was in a motorized wheelchair, and left the scene. *Id.* at 789,

---

[5] Instantly, Appellant does not challenge the no-imbibing element of Section 3802(g)(2) of the Vehicle Code. As a result, we will confine our review to Section 3802(g)(1)'s good cause element.

790. A police sergeant went to the appellant's home and observed damage to the right front corner and passenger side door of the appellant's vehicle. *Id.* at 790. Upon speaking to the appellant, the sergeant noticed he had bloodshot eyes, was slurring his speech, and appeared to be highly intoxicated. *Id.* The sergeant asked the appellant why he left the scene of the accident, and the appellant responded that he had been drinking. *Id.* at 790–91. The appellant was arrested and taken to a hospital where his BAC was found to be .30%. *Id.* at 791. Ultimately, the appellant was convicted of, *inter alia*, DUI—general impairment, DUI—highest rate of alcohol, and accidents involving death or personal injury. On appeal, the appellant argued, among other things, that the trial court erred by denying his motion to suppress his blood alcohol test results on the ground that it was taken more than two hours after driving. We disagreed. In so doing, we reasoned that the appellant's "flight from the accident scene, and the consequential delay in finding him, constituted good cause for the failure to obtain his blood test within two hours after he stopped driving." *Id.* at 787.

Here, like the appellant in *Eichler*, Appellant fled the scene of a fatal accident, occasioning a delay in the Commonwealth's ability to obtain his blood for purposes of the chemical test. As the trial court noted, "troopers were delayed in finding Appellant after he fled the scene of the accident." Trial Court Opinion, 1/10/18, at 5. Thus, consistent with *Eichler*, the trial court did not err in concluding that the Commonwealth established good cause

under Section 3802(g) for its failure to obtain the chemical test within two hours of the accident. Accordingly, Appellant's first issue fails.

Appellant next argues that the evidence was insufficient to support his conviction for homicide by vehicle while driving under the influence of alcohol under Section 3735 of the Vehicle Code.[6] We, however, are unable to consider this issue because Appellant has failed to preserve it for our review.[7] It is

_____

[6] We observe that Appellant seemingly committed a typographical error in his brief where he mistakenly refers to Section 3732(a) instead of Section 3735(a). Appellant's Brief at 11. Section 3735 provides in pertinent part:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S.A. § 3735(a).

[7] "A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the

settled that to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime upon which the appellant alleges the evidence was insufficient. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013); *See also Commonwealth v. Garang*, 9 A.3d 237, 246 (Pa. Super. 2010) ("[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.") (quotations and citation omitted). "Such specificity is of particular importance in cases, where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Garland*, 63 A.3d at 344 (citations omitted). In *Garland*, the appellant's Rule 1925(b) statement simply stated, "[t]he evidence was legally insufficient to support the convictions." *Id.* The panel found the claim waived, noting, among other things, that the appellant "failed to specify which elements he was challenging in his Rule 1925(b) statement." *Id.* Moreover, given this Court's desire to apply Rule 1925 in a "predictable, uniform fashion," we have determined that waiver applies even where, as here, the Commonwealth fails to object and the trial court addresses the issue in its Rule 1925(a) opinion. *Commonwealth*

_____

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

*v. Roche*, 153 A.3d 1063, 1071-72 (Pa. Super. 2017), *appeal denied*, 169 A.3d 599 (Pa. 2017); *see Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (holding that Tyack's "boilerplate" concise statement declaring "that the evidence was insufficient to support his conviction" was too vague even where Tyack was convicted only of one crime).

Instantly, Appellant's sufficiency challenge, as set forth in his Rule 1925(b) statement, and reasserted in his statement of questions involved on appeal, lacks specificity. In particular, Appellant only generally challenges the sufficiency of the evidence underlying his conviction for homicide by vehicle while driving under the influence. Appellant also fails to list the elements of the crime in his brief upon which he contends the evidence is insufficient. Accordingly, we conclude that Appellant has failed to preserve his sufficiency-of-the-evidence claim for lack of specificity.

Even if his claim were preserved, he still would not be entitled to relief. As the trial court found:

> [Appellant's girlfriend, Betty George] testified that Appellant drove his truck after imbibing alcohol at the Sportmen's Club and later at Smitty's Bar and Restaurant. Dr. [Laura] Labay testified that National Medical Services lab received Appellant's blood sample and performed a gas chromatography test on the sample. The test showed that Appellant's [blood alcohol content] at the time of [chemical test] was 0.17%. Furthermore, she testified that, based on scientific calculations, Appellant's BAC at the time of the accident was in the range of 0.19% -- 0.25%. Finally, Ms. George testified that Appellant hit the victim with his vehicle. The victim died from the injuries sustained after being struck by Appellant's vehicle.

Trial Court Opinion, 1/10/18, at 6 (record citations and footnote omitted).

When viewed in the light most favorable to the Commonwealth as the verdict

winner, the evidence at trial, as recited above by the trial court, is sufficient to establish that Appellant was guilty of homicide by vehicle while under the influence of alcohol. Thus, Appellant's sufficiency claim fails.

We finally address Appellant's third issue on appeal. Appellant argues that his minimum sentence of three years relating to his conviction for accidents involving death or personal injury under Section 3742 of the Vehicle Code violates **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt). In particular, Appellant argues that the trial court erred in failing to submit to the jury the element of "death" under Section 3742, which provides in relevant part:

> **(a) General rule.--**The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
>
> **(b) Penalties.--**
>
> (1) Except as otherwise provided in this section, any person violating this section commits a misdemeanor of the first degree.
>
> (2) If the victim suffers serious bodily injury, any person violating subsection (a) commits a felony of the third degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than 90 days and a mandatory minimum fine of $1,000, notwithstanding any other provision of law.
>
> (3)(i) **If the victim dies**, any person violating subsection (a) commits a felony of the second degree, and the sentencing court **shall order the person to serve a minimum term** of imprisonment of **not less than three years** and a mandatory

minimum fine of $2,500, notwithstanding any other provision of
law.

     (ii) In addition to the minimum term of imprisonment
provided for in subparagraph (i), the Pennsylvania Commission on
Sentencing shall provide within its guidelines a sentencing
enhancement if the victim dies as the result of a violation of
subsection (a). The provisions of this subparagraph shall not be
an element of the crime, and notice of the provisions of this
subparagraph shall not be required prior to conviction, but
reasonable notice of the Commonwealth's intention to proceed
under this subparagraph shall be provided after conviction and
before sentencing.

75 Pa.C.S.A. § 3742(a) and (b) (emphasis added).

Here, based on our review of the record, especially the trial transcript,
we conclude that the trial court not only submitted to the jury the element of
death under Section 3742, but that the jury also found beyond a reasonable
doubt that the victim died as a result of the accident. Indeed, the trial court
provided the following instructions to the jury with respect to Section 3742:

[Appellant] has been charged at count 2, with accidents involving
death also known as hit-and-run. To convict [Appellant] of this
crime, you must be satisfied that the Commonwealth has proven
the following elements beyond a reasonable doubt. First, that
[Appellant] was driving a vehicle that he knew or should have
known was involved in an accident that resulted in injury or death
to any person. Second, that [Appellant] must have violated his
two duties. The duty to stop and remain at the scene of the
accident and the duty to give information and render aid to the
injured person. And third, that [the victim] **died as a result of
the accident**. The duty to stop requires the driver to immediately
stop his vehicle at the scene of the accident, while obstructing
traffic as little as possible or as close to the scene as possible and
he must remain at the scene until he performs the second duty,
the duty to give information and render aid. The duty to give
information requires the driver to give his name and address and
registration number of the vehicle he is driving and upon request,
present his driver's license and proof of insurance to any person
injured in the accident, and to any police officer at the scene of
the accident or who is investigating the accident.

N.T. Trial, 10/5/17, at 20-21 (emphasis added). The trial court correctly
explained that "the jury found that: 1) Appellant was driving a vehicle while

- 10 -

under the influence; 2) that while he operated the vehicle under the influence he struck the victim; and 3) that the victim died as a result of being struck by the vehicle driven by Appellant." Trial Court Opinion, 1/10/18, at 7-8. Because death was an element of multiple offenses for which Appellant was charged *sub judice*, including accidents involving death or personal injury, we conclude that the jury found the element of death beyond a reasonable doubt in accordance with **Alleyne**. As a result, his mandatory minimum sentence of three years' imprisonment is constitutional.[8] Accordingly, Appellant's third issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018

---

[8] Even if we had found an **Alleyne** violation, it still would not have upset the trial court's sentencing scheme here because Appellant's sentence under Section 3742 runs concurrently with his sentence of four to ten years' imprisonment for homicide by vehicle while driving under the influence of alcohol.